# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, # 461504, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-992-JPG |
| ) | |
| JOHN DOE #2 (Supervisor), ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is a pretrial detainee at the St. Clair County Jail ("the Jail"), originally brought this civil rights action on March 13, 2018. After screening the Complaint, the Court severed a number of Plaintiff's claims from the original case (*Teen v. Smith, et al.*, Case No. 18-568-JPG-RJD) into separate actions. (Doc. 1). The instant case contains Count 3, described as follows:

> **Count 3:** Fourteenth Amendment due process and conditions claims against Supervisor John Doe #2, for maintaining Plaintiff's placement in a locked-down cellblock (H-Block) where he was denied access to the law library, and denied hygiene items, cleaning supplies, and envelopes, when Plaintiff had committed no infraction.

This case is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court concludes this action is subject to dismissal pursuant to § 1915A. However, Plaintiff shall be allowed an opportunity to submit an amended complaint in order to restate his claim.

### **The Complaint**

The portion of the Complaint which relates to Count 3 is as follows.

At some point in 2016, Plaintiff was moved from J-Block of the Jail to H-Block. (Doc. 2, p. 5). He claims that the H-Block wing was unsafe, because the individual cell doors did not

lock, and fights broke out almost daily among the inmates.

In November 2016, H-Block was placed on a 30-day lockdown because of a late-night fight. Plaintiff was not involved in the fight, but he was punished with the lockdown along with all the other inmates on the block. (Doc. 2, p. 6). Plaintiff did not receive a hearing before these conditions were imposed. During the lockdown, he was denied access to the law library, was not allowed to obtain hygiene items, and was denied envelopes and cleaning supplies. He submitted daily complaints over these deprivations, but Supervisor John Doe #2 disregarded Plaintiff's complaints for weeks. Finally, in December 2016, Plaintiff received relief and was moved to a different cellblock (AB-Block), before the lockdown ended. *Id.*

Plaintiff seeks compensatory, punitive, and special damages for the violations of his rights. (Doc. 2, p. 11).

## Merits Review Pursuant to 28 U.S.C. § 1915A

For clarity, the Court shall continue to refer to this claim as it was numbered in the original action.

> **Count 3:** Fourteenth Amendment due process and conditions claims against Supervisor John Doe #2, for maintaining Plaintiff's placement in a locked-down cellblock (H-Block) where he was denied access to the law library, and denied hygiene items, cleaning supplies, and envelopes, when Plaintiff had committed no infraction;

Claims raised by pretrial detainees of unconstitutional conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id.* As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable"). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In Plaintiff's case, he complains that the restricted conditions of the lockdown in H-Block violated his rights, first, because he was never given a hearing before the lockdown was imposed,

4

and secondly, because during the lockdown, he was denied hygiene items, cleaning supplies, envelopes, and law library access. He asserts that the John Doe #2 Supervisor was aware of his complaints, but disregarded them for "weeks" before Plaintiff was finally moved to an unrestricted cellblock. (Doc. 2, p. 6).

The claim that Plaintiff should have been provided with a hearing does not survive review under § 1915A. The Seventh Circuit has indicated that "any nontrivial punishment of a [pretrial detainee is considered] a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). However, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Id.* For instance, if a prisoner is placed in segregation because he is a suicide risk, to protect him from other prisoners, or to protect others from his violent propensities – no process is due. *Id.*

Based on this authority, if Plaintiff had been placed in segregation as a punitive measure for having violated some institutional rule, he would have been entitled to notice of the disciplinary charge and an opportunity to be heard. However, the Complaint does not suggest that Plaintiff was being singled out for punishment at all, and he had not been accused of a conduct violation. Plaintiff himself described H-Block as an "unsafe environment" because of the absence of locks on the individual cell doors and the frequent fights among inmates. (Doc. 2, p. 5). These conditions caused him "many sleepless nights." *Id.* It was one of those fights that prompted Jail officials to place H-block on a 30-day lockdown. (Doc. 2, p. 6). It therefore appears that the lockdown was imposed for the safety and security of the inmates in that housing

5

area – in other words, for managerial reasons. *See Higgs*, 286 F.3d at 438. This type of discretionary administrative action does not trigger a duty on the part of Jail officials to provide a hearing for each prisoner affected by the lockdown. For these reasons, Plaintiff cannot maintain a constitutional claim based on the failure of the Defendant (or other Jail officials) to provide him with a hearing in connection with the lockdown of H-Block in November-December 2016.

The conditions Plaintiff faced during the lockdown, however, could support a constitutional claim, if the hardships imposed on Plaintiff were sufficiently serious. The denial of hygiene supplies and/or cleaning supplies could violate Plaintiff's constitutional rights if he was unable to maintain basic cleanliness of his person or living quarters. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (Jail officials violate the Constitution if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items"). Here, the allegations in Plaintiff's Complaint are too sketchy for the Court to determine whether the deprivations he faced raise constitutional concerns. Plaintiff does not indicate what hygiene or cleaning items were denied, what detriment he suffered, or how long he was confined under those conditions. As presently pled, the Complaint does not state a claim upon which relief may be granted for the denial of hygiene and cleaning supplies.

Similarly, Plaintiff's claim that he was denied access to the law library and envelopes during the lockdown does not demonstrate any constitutional violation in and of itself. Prisoners, including detainees, have a fundamental right to meaningfully access the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). However, in order to state a claim for denial of access to the courts, a prisoner must show that the deprivation of legal materials or library access prejudiced him or caused him to be unable to pursue a

6

meritorious legal matter. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

In Plaintiff's case, the Complaint does not mention any legal claim that was hindered by his inability to access the law library during the lockdown, or the denial of envelopes for that period of time. Therefore, this portion of Count 3 does not state a claim upon which relief may be granted, and is subject to dismissal.

In summary, **Count 3** shall be dismissed without prejudice for failure to state a constitutional claim upon which relief may be granted.

## Disposition

**COUNT 3**, and the entire Complaint (Doc. 2), are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **June 20, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-992-JPG. The First Amended Complaint should include only the

portions of Count 3 relating to Plaintiff's conditions of confinement during the lockdown (lack of hygiene and cleaning supplies, and lack of access to the law library and envelopes), if Plaintiff believes those facts will support a constitutional claim.

If the First Amended Complaint includes any unrelated claims against different defendants, such claims will be subject to severance into a separate action, which will result in the assessment of another filing fee. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice.

---

[1] Plaintiff may continue to refer to the sole Defendant herein as John Doe #2 Supervisor if necessary. If any other Defendants are added, he may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the original case was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2018**

s/J. Phil Gilbert
United States District Judge

9