# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, # 461504, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-992-JPG |
| ) | |
| JOHN DOE #2 (Supervisor, H-Block), ) | |
| and DEBORAH HALE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 8), filed on June 12, 2018, at the direction of the Court. (Doc. 7). The claim in this case was severed from Plaintiff's original case (*Teen v. Smith, et al.*, Case No. 18-cv-568-JPG-RJD (filed March 13, 2018)),[1] and consisted of Count 3 as delineated in the original screening order (Doc. 1, p. 7):

> **Count 3:** Fourteenth Amendment due process and conditions claims against Supervisor John Doe #2, for maintaining Plaintiff's placement in a locked-down cellblock (H-Block) where he was denied access to the law library, and denied hygiene items, cleaning supplies, and envelopes, when Plaintiff had committed no infraction.

On May 24, 2018, the Court screened the Complaint with reference to Count 3, and dismissed the claim without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 7). Plaintiff was ordered to submit an amended complaint if he wished to further pursue Count 3, and he was directed to confine his claims to the portions of Count 3 relating to unconstitutional conditions of

---

[1] The merits review order in Case No. 18-cv-568-JPG-RJD delineated 10 distinct claims. Counts 2-10 in that action were severed into 7 new cases, one of which is the instant action. (Doc. 1, pp. 10-11).

confinement during the lockdown (lack of hygiene and cleaning supplies, and lack of access to the law library and envelopes). (Doc. 7, pp. 7-8). The Court found that the portion of Count 3 claiming a due process violation for having been placed on lockdown without a hearing failed to state a claim upon which relief may be granted. (Doc. 7, pp. 5-6).

The Court further warned Plaintiff that if his First Amended Complaint contained any unrelated claims against different defendants, such claims would be severed into a separate action, which would result in the assessment of another filing fee. (Doc. 7, p. 8).

## The First Amended Complaint (Doc. 8)

In addition to the John Doe #2 Supervisor of H-Block, Plaintiff now names Head Nurse Deborah Hale as a Defendant. (Doc. 8, p. 1).

Plaintiff alleges that in November 2016, H-Block was placed on a 30-day lockdown due to a fight. (Doc. 8 p. 2). Plaintiff states that at the time, he was a convicted person.[2] He was not given a hearing before the lockdown was imposed.

During the lockdown, Plaintiff was denied access to the law library, "which prevented [him] from prosecuting [his] conviction, prevented [him] from seeking redress in the District Court, and prolonged the unsafe environment on H-Block." (Doc. 8, p. 2). Additionally, he had no phone privileges, and was not allowed to have envelopes to correspond with his lawyer or family. *Id.*

Also during the lockdown, no cleaning supplies (broom, mop, or toilet cleaner) were given to Plaintiff for approximately 30 days. This forced him to eat, sleep, and live with 3 other

---

[2] A review of the online court docket records for *People v. Antrell A. Teen*, St. Clair County Case No. 14-CF-91402, discloses that a jury trial was held on May 23, 2016, and the court entered a finding of guilty on June 20, 2016. http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx (last visited Aug. 2, 2018). *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court can take judicial notice of court documents, which are public records); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (court may judicially notice public records available on government websites) (collecting cases). It appears that Plaintiff has not yet been sentenced on this conviction.

inmates in an 8x10 foot cell with a filthy and backed-up toilet, filthy floors, and dirty laundry. *Id.* Plaintiff had no hygiene products, and the lack of toothpaste worsened his toothaches. Plaintiff submitted complaint forms on a daily basis to advise Defendant John Doe #2 of these conditions, but his complaints never yielded any response or action to correct the conditions. Plaintiff claims that "these actions seemed retaliatory, intentional for the complaints [he] had submitted prior highlighting the systemic error at St. Clair County Jail." (Doc. 8, p. 2).

Plaintiff then alleges that since December 2017, he has submitted sick call forms and complaint forms requesting dental care, to no avail. (Doc. 8, p. 2). Previously, in May 2017, Nurse Bonnie (who is not a Defendant) told Plaintiff that Head Nurse Hale said Plaintiff "won't be going to the Dentist again." (Doc. 8, p. 2). Plaintiff was last seen by a dentist in 2016. He claims that he has informed health care staff that he is in extreme pain and has a hole in a tooth, which affects his daily activity. In 2018, Plaintiff has not been scheduled to see a dentist despite these symptoms. Plaintiff comments that the denial of dental care "seems retaliat[ory] in nature for civil complaint filed against Deborah Hale and other members of the nurse staff for failure to treat me." (Doc. 8, p. 2).

Plaintiff seeks money damages for the violations of his rights. (Doc. 8, p. 3).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

As with the original Complaint, the First Amended Complaint is subject to screening under § 1915A. The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Court shall continue to refer to the severed claim as it was numbered in the original action:

**Count 3:** Fourteenth Amendment due process and conditions claims against Supervisor John Doe #2, for maintaining Plaintiff's placement in a locked-down cellblock (H-Block) where he was denied access to the law library, and denied hygiene items, cleaning supplies, and envelopes, when Plaintiff had committed no infraction.

The First Amended Complaint also pleads new claims regarding the denial of dental care. These allegations were not included in the original action from which this case was severed, (*Teen v. Smith, et al.*, Case No. 18-568-JPG-RJD (filed March 13, 2018)). It also appears that Plaintiff has not raised a dental claim covering the time frame of 2017-2018 in any of his other cases in this Court.[3] Accordingly, the First Amended Complaint presents two additional claims:[4]

**Count A:** Nurse Deborah Hale, in violation of the Eighth[5] Amendment, denied Plaintiff access to dental care from December 2017 through 2018, despite Plaintiff's complaints of severe tooth pain and a hole in his tooth;

**Count B:** Nurse Deborah Hale, in violation of the First Amendment, denied Plaintiff access to dental care in retaliation for Plaintiff's lawsuit against Hale and other nursing staff.

As has been previously explained to Plaintiff, in addition to conducting the merits assessment of a prisoner's case, the Court must evaluate whether all parties and claims are properly joined in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 20. Under Rule 20(a)(2), a "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same

---

[3] Plaintiff has 14 open cases pending in this Court. Only one of them appears to involve the denial of dental care, but the claim was based on events between December 2015 and December 2016. *Teen v. Brandy, et al.*, Case No. 18-cv-13-JPG-SCW. That case was severed on January 4, 2018, from *Teen v. St. Clair Cnty. Jail*, Case No. 17-cv-594-JPG-SCW, after Plaintiff included the dental claim in his Second Amended Complaint in that action. (Doc. 17 in No. 17-cv-594). The severed case in No. 18-cv-13 is proceeding against 2 nurses, Brandy and Barbara. Plaintiff had included Nurses Deborah (who may be the same person as Defendant Deborah Hale in the instant case) and Robin as Defendants, but they were dismissed from the action pursuant to 28 U.S.C. § 1915A. (Doc. 6 in No. 18-cv-13).

[4] The new claims are designated with letters A and B, to distinguish them from the original Counts 1-10 in Case No. 18-cv-568-JPG-RJD, which included Count 3 in this action.

[5] Because Plaintiff has pointed out that as of late 2016, he was a convicted prisoner, the Eighth Amendment applies to his claims challenging the conditions of his confinement. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

transaction or occurrence and presents questions of law or fact common to all." Wright, Miller, & Kane, 7 Federal Practice & Procedure Civ. 3d § 1655. The Seventh Circuit Court of Appeals has warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Consistent with *George*, *Owens*, and *Wheeler*, improperly joined parties and/or claims will be severed into new cases, given new case numbers, and assessed separate filing fees.

The claims in Counts A and B against Hale, for denying dental care to Plaintiff from December 2017 to the present, did not arise out of the same transaction or occurrence as Plaintiff's claims in Count 3 against the John Doe #2 Supervisor, which date back to November 2016. *See* FED. R. CIV. P. 20. Further, the claims against Hale and the claims against the John Doe #2 Supervisor do not present any common questions of law or fact. Under Rule 20, Counts A and B cannot properly proceed in the same action with Count 3.

Consistent with the *George* decision and Federal Rules of Civil Procedure 20 and 21, the Court shall sever Counts A and B against Hale, and shall open a new case with a newly-assigned case number for those claims. Plaintiff shall be assessed an additional filing fee for the new severed case.

After the new severed case against Hale is opened, given a case number, and assigned to a Judge, the Court shall conduct the required merits review pursuant to 28 U.S.C. § 1915A on the severed claims.

The merits of Count 3, as pled in the First Amended Complaint, shall be addressed

below.

## Count 3 – John Doe #2 Supervisor of H-Block

In the initial merits review of this claim, the Court presumed that Plaintiff was a pretrial detainee, and that his claims arose under the Fourteenth Amendment. (Doc. 7, pp. 3-4). Plaintiff has now clarified that he was convicted of criminal charges in 2016. As a convicted prisoner, the Eighth Amendment applies to his conditions-of-confinement claims, even though he remains at the St. Clair County Jail. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). That being said, the Seventh Circuit has observed that the Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable." *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished).

Plaintiff again alleges in the First Amended Complaint that he was not given a hearing before being placed on lockdown in November-December 2016 along with the other prisoners on H-Block. (Doc. 8, p. 2). The Court's original analysis of this purported due process claim has not changed. (Doc. 7, pp. 5-6). The facts in the amended complaint again indicate that the entire H-Block was put on lockdown for safety and security reasons after a fight. Plaintiff was not charged with an individual conduct violation that would have entitled him to receive notice and a hearing before receiving any punishment. Accordingly, Plaintiff's constitutional rights were not violated when he was placed on lockdown, along with the other prisoners on his cellblock, without a hearing. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).

Turning to the conditions imposed on Plaintiff during that lockdown, Plaintiff raises 3 distinct claims against the John Doe #2 Supervisor. First, he claims that his access to the courts was impeded because he had no access to the law library, telephone, or envelopes with which to correspond with his attorney. Second, he was denied cleaning and hygiene supplies for about 30

days, while confined to a small, filthy cell with 3 other inmates. Third, he suggests that the failure to correct the court access and conditions problems was intentional, and in retaliation for his previous complaints about Jail conditions. (Doc. 8, p. 2). Each of these shall be considered in turn.

A.  Access to Courts

The First Amended Complaint provides a bit more detail than Plaintiff's original pleading. He states that the lack of law library access for approximately 30 days prevented him from challenging his criminal conviction, and he was not allowed to communicate with his lawyer by telephone or by mail, due to having no envelopes. (Doc. 8 p. 2). He also claims that he was prevented from seeking redress in the District Court (by which he apparently means this Court). *Id.*

These allegations identify one legal matter for which Plaintiff needed access to the courts – his criminal case – in which he was presumably mounting some post-trial challenge to his conviction or preparing for sentencing proceedings. However, Plaintiff does not explain how that matter was prejudiced by the temporary denial of library access or by the restrictions on his ability to communicate with his criminal attorney during the approximately 30 days of the lockdown in November-December 2016. By that time, Plaintiff had already been convicted, and the Circuit Clerk's 3 docket entries from September 2016 and October 2016 indicate that the trial court heard motions, continued the proceedings, and took the case under advisement. *People v. Teen*, St. Clair County Case No. 14-CF-91402, http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx (last visited Aug. 2, 2018). No docket entries appear for November or December 2016, and the next entry, dated January 24, 2017, reflects the appointment of a public defender and another continuance. *Id.*

7

To state a constitutional claim for denial of access to the courts, a prisoner must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). The First Amended Complaint makes no such showing with reference to the still-pending St. Clair County criminal case. Therefore, Plaintiff fails to state a claim upon which relief may be granted for this portion of Count 3.

As for Plaintiff's litigation activity in this Court, the earliest cases he filed here were 2 civil rights cases received on June 5, 2017: *Teen v. Peebles*, Case No. 17-cv-593-JPG (dismissed Sept. 29, 2017 pursuant to § 1915A); and *Teen v. St. Clair Cnty. Jail*, Case No. 17-cv-594-JPG-SCW, which is still pending in this Court and yielded 4 severed cases which are also still pending. Plaintiff does not point to any hindrance or prejudice to these or any other cases in this District on account of his temporary denial of law library access or phone/written communication during the last 2 months of 2016. Nor can the Court discern any problem with those cases or any of Plaintiff's other pending matters due to the events of November-December 2016.

For these reasons, the access-to-courts portion of Count 3 fails to survive review under § 1915A, and shall be dismissed without prejudice.

**B. Unsanitary Conditions – Deliberate Indifference**

The First Amended Complaint states that for approximately 30 days during the H-Block lockdown, Plaintiff was not given toilet cleaner to clean the cell's filthy toilet which had backed up. He had to share the small 8x10 foot space with 3 other prisoners. He claims that the cell floors were filthy and he never had a mop or broom to clean with. He had no toothpaste, and

asserts that his toothaches became worse during the time he had to go without that hygiene item. The John Doe #2 Supervisor was allegedly aware of these deprivations because of Plaintiff's numerous complaints, but he took no action to mitigate the conditions. (Doc. 8, p. 2).

These conditions suggest an objectively serious deprivation of Plaintiff's basic human need to be housed in a minimally sanitary cell, and to be provided with toothpaste and cleaning supplies so that he could maintain personal cleanliness. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment); *see also Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (denial of "adequate sanitation and personal hygiene items" may demonstrate a deprivation of "the minimal civilized measure of life's necessities"). Additionally, Plaintiff claims that he informed the John Doe #2 Supervisor of these conditions, yet this Defendant failed to take any action despite having knowledge of a substantial risk of serious harm from the cell conditions. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

At this stage, Plaintiff states a claim against the John Doe #2 Supervisor for deliberate indifference to the unsanitary cell conditions in November-December 2016, that merits further review. This portion of Count 3 may therefore proceed.

**C. Retaliation**

Plaintiff did not include a retaliation claim with reference to the claims in Count 3 in his original Complaint, but presented it for the first time in the First Amended Complaint.

Prison or jail officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). The issue in a retaliation claim is whether the plaintiff

experienced an adverse action that would likely deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *See McKinley v. Schoenbeck*, __ F. App'x __, No. 17-1709, 2018 WL 1830942 at *3 (7th Cir. Apr. 17, 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

In this case, the fact that all inmates in the H-Block were subjected to lockdown conditions together cuts against Plaintiff's claim that he was singled out for retaliation. However, it is possible that the John Doe #2 Supervisor withheld cleaning supplies, toothpaste, law library access, and/or envelopes out of a desire to retaliate against Plaintiff for his complaints about jail conditions. While the First Amended Complaint does not point to a specific grievance or complaint that allegedly triggered this retaliation against him, it is clear from the original Complaint and the claims recognized by this Court in the threshold order at Doc. 1, that Plaintiff had submitted a number of complaints to Jail staff in the time leading up to his placement in H-Block where John Doe #2 was the Supervisor. (Doc. 1, pp. 3-4, 7). This chronology of events may support a retaliation claim.

Accordingly, the retaliation portion of Count 3 also survives scrutiny under § 1915A.

### **Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with portions of his claim in Count 3 against the John Doe #2 Supervisor of H-Block, as discussed above. However, this Defendant must be identified with particularity before service of the First Amended Complaint can be made on him.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the Clerk shall be directed to add the Sheriff of St. Clair County as a Defendant in this action, in his official capacity only. In that capacity, the Sheriff shall be responsible for responding to discovery aimed at identifying the unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the John Doe #2 Supervisor of H-Block is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

## Disposition

The Clerk is **DIRECTED** to add the **ST. CLAIR COUNTY SHERIFF (Official Capacity Only)** as a Defendant.

**IT IS ORDERED** that the unsanitary-conditions and retaliation portions of **COUNT 3** are subject to further review against Defendant John Doe #2 Supervisor of H-Block. However, the due process and access-to-courts portions of **COUNT 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 20(a)(2), Plaintiff's dental deliberate indifference and retaliation claims against **DEBORAH HALE** in **COUNT A** and **COUNT B** are severed into a new case.

In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)    This Memorandum and Order
    (2)    The Memorandum and Order at Doc. 1

(3) The First Amended Complaint (Doc. 8)
(4) Plaintiff's motion to proceed *in forma pauperis* (Doc. 3)

Plaintiff **will be responsible for an additional $350.00 filing fee** in the new case. No service shall be ordered on the Defendant in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 3 against Defendants JOHN DOE #2 SUPERVISOR, and the ST. CLAIR COUNTY SHERIFF (Official Capacity)*, for unsanitary conditions of confinement and retaliation. This case shall now be captioned as: **ANTRELL TEEN, Plaintiff, vs. JOHN DOE #2 SUPERVISOR, and ST. CLAIR COUNTY SHERIFF (official capacity only), Defendants.**

**IT IS FURTHER ORDERED** that Defendant **DEBORAH HALE** is **TERMINATED** from *this* action with prejudice.

In order for the surviving portions of **COUNT 3** to proceed, the Clerk of Court shall prepare for Defendant **ST. CLAIR COUNTY SHERIFF (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 8), the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's

last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE #2 SUPERVISOR** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown Defendant with particularity.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2018**

s/J. Phil Gilbert  
United States District Judge